# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| MARK TAYLOR, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| VS. | )     No. 19-1248-JDT-cgc |
| | ) |
| STATE OF TENNESSEE, ET AL., | ) |
| | ) |
|    Defendants. | ) |

## ORDER DIRECTING CLERK TO DOCKET ENTRIES FROM CASE NO. 19-1257 IN CASE NO. 19-1248, GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND ASSESSING $350 FILING FEE IN ACCORDANCE WITH PLRA

On October 21, 2019, Plaintiff Mark Taylor, who is incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, filed a *pro se* civil complaint which was opened as case number 19-1248-JDT-cgc. (ECF No. 1.) The complaint was accompanied by a motion for leave to proceed *in forma pauperis*, (ECF No. 2), but the motion did not include a copy of Plaintiff's inmate trust account statement, as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). On October 22, 2019, the Court notified Plaintiff of the deficiency and ordered him to submit the necessary document or pay the entire civil filing fee within 30 days. (ECF No. 4.)

Several days later, Taylor filed a second civil complaint, *Taylor v. Miles*, No. 19-1257-JDT-cgc (W.D. Tenn. filed Nov. 4, 2019). The new complaint also was accompanied by a motion to proceed *in forma pauperis* without an attached inmate trust account statement, (No. 19-1257, ECF No. 2), so a similar deficiency order was entered in that case on November 6, 2019, (*id.* ECF

No. 4). On November 25, 2019, the Clerk docketed a letter from Taylor that referenced only case number 19-1257 and stated he was having trouble obtaining his trust account statement from prison officials; he asked for additional time to comply with the deficiency order. (*Id.* ECF No. 5.) The Court granted the motion and allowed Taylor through December 20th in which to comply. (*Id.* ECF No. 6.) On December 2, 2019, Taylor submitted a letter with a copy of his inmate trust account statement, again referencing only case number 19-1257. (*Id.* ECF No. 7.)

As Taylor may not have been aware that he has two separate cases pending,[1] the Clerk is DIRECTED to docket in this case the following documents from case number 19-1257: the letter from Taylor received November 25, 2019; the Court's order of November 27, 2019, granting an extension of time in which to comply; and Taylor's letter and trust account statement received December 2, 2019. Taylor is instructed that in the future, if he intends to file a specific document in both of his cases, he must include both case numbers on the document.

Under the PLRA, a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[2] Section 1915(b) merely provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. In this case, Plaintiff now has submitted both a properly completed *in forma pauperis* affidavit and a copy of his inmate trust

---

[1] The complaint against attorney John Miles was opened as a separate case because Taylor did not indicate in any way that it was intended as an amendment to the complaint in this case, which names only the State of Tennessee and Judge Roy Morgan as Defendants.

[2] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. The Schedule of Fees set out following the statute also requires the Clerk to collect an administrative fee of $50 for filing any civil case. The additional fee will not apply in this case because the Court is granting leave to proceed *in forma pauperis* in accordance with the PLRA.

account statement. The motion to proceed *in forma pauperis* is GRANTED in accordance with the terms of the PLRA.

Plaintiff is ORDERED to cooperate fully with prison officials in carrying out this order. It is ORDERED that the trust account officer at Plaintiff's prison shall calculate and submit to the Clerk of Court a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust account for the six months immediately preceding the completion of the affidavit. 28 U.S.C. § 1915(b)(1).

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's trust account and submit to the Clerk monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the $350 filing fee is paid.

Each time the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and submit it to the Clerk along with the payment. All payments and accounts statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee
111 S. Highland Ave., Rm. 262, Jackson, TN 38301

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. If still confined, he shall provide the officials at the new facility with a copy of this order. If Plaintiff fails to abide by these or any other

requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at the Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Administrator of the CJC to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

IT IS SO ORDERED.

 s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE