UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| MARK TAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| VS. | ) | No. 19-1248-JDT-cgc |
| STATE OF TENNESSEE, ET AL., | ) | |
| Defendants. | ) | |

ORDER DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On October 21, 2019, Plaintiff Mark Taylor, who at the time of filing was incarcerated at the Madison County Criminal Justice Complex in Jackson, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*.[1] (ECF Nos. 1 & 2.) After Taylor submitted the necessary documents, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b).[2] (ECF No. 8.) The Clerk shall record the Defendants as the State of Tennessee, Tennessee State

---

[1] On December 16, 2019, Taylor notified the Court that he had been released from custody and provided his new address. (ECF No. 9.)

[2] Taylor filed a second motion for leave to proceed *in forma pauperis* on December 20, 2019, using the longer form required of non-prisoners. (ECF No. 10.) Because this case is being dismissed in its entirety, that motion is DENIED as moot.

Court Judge Roy Morgan,[3] and Assistant District Attorney (ADA) General Rolf Hazelhurst.

Taylor alleges that on September 18, 2018, ADA Hazelhurst "reindicted" him for unspecified crimes. (ECF No. 1 at PageID 2.) He then asserts that Hazelhurst and Judge Morgan "went above their [b]oundaries and enhanced my Felony from 1987 to a class B on my second indictment[,] which cannot be allowed because it is older th[a]n 10 y[ea]rs and a closed case." (*Id.*) He contends that Hazelhurst and Morgan "violated every [r]ight that Mr. Taylor had." (*Id.*)

Taylor wants Judge Morgan "dismissed" and seeks $2.5 million in compensatory damages. (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint─

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57

---

[3] Judge Morgan is a Circuit Court Judge for Chester, Henderson and Madison Counties in Tennessee. *See* www.tsc.state.tn.us/courts/circuit-criminal-chancery-courts/judges/roy-b-morgan-jr.

(2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Taylor filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable

3

> to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Taylor has sued the State of Tennessee. To the extent he seeks to sue Judge Morgan and ADA Hazelhurst in their official capacities, those claims also are treated as claims against the State of Tennessee.[4] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Taylor, however, does not state a valid claim against the State of Tennessee. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate

---

[4] *See White v. Swafford v. Gerbitz*, 860 F.2d 661, 663 n.2 (6th Cir. 1988) (noting that district attorneys general and their assistants "prosecute suits on behalf of the state, Tenn. Code Ann. § 8-7-103, and receive an annual salary payable out of the state treasury, Tenn. Code Ann. §§ 8-7-105 and 8-7-201" and therefore are employees of the State of Tennessee).

it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity and therefore may not be sued for damages. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71.

The Supreme Court has clarified, however, that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985), and *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)); *see also Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) ("[T]he [eleventh] amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief." (citing *Ex Parte Young*, 209 U.S. 123)).

To proceed with his official-capacity claims for injunctive relief, Taylor must allege that the State was responsible for the violation of his constitutional rights because of a practiced custom or policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The Sixth Circuit has held that to establish the requisite causal link between constitutional violation and policy, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citing *Coogan*

5

*v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)). The custom or policy must be "the moving force" behind the deprivation of the plaintiff's rights. *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 606-07 (6th Cir. 2007) (citing *Monell*, 436 U.S. at 694). Because Taylor does not allege that a State policy was the "moving force" behind the alleged violation of his rights, he does not state a claim against Judge Morgan or ADA Hazelhurst in their official capacities.

Nor may Taylor sue Judge Morgan in his individual capacity. Judges are absolutely immune from civil liability in the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty., Ohio,* 753 F.3d 639, 648-49 (6th Cir. 2014); *Leech v. DeWeese,* 689 F.3d 538, 542 (6th Cir. 2012). Whether a judge or other official is entitled to absolute immunity in a given case turns on a "functional" analysis. *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). The "touchstone" for applicability of absolute judicial immunity is "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993). While Taylor's allegations are not clear, he appears to assert that Judge Morgan adjusted his prior sentence for the 1987 offense. That action unquestionably is within the scope of Judge Morgan's judicial function.[5] Taylor's claim against Judge Morgan is, therefore, barred by judicial immunity.

---

[5] Taylor also could be asserting that the 1987 offense was used as a sentencing enhancement for a more recent conviction, which action also is within the scope of Judge Morgan's judicial function.

The same goes for his claim against ADA Hazelhurst. Prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see Harris v. Bornhorst*, 513 F.3d 503, 509–10 (6th Cir. 2008) (quoting *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006)) ("'The analytical key to prosecutorial immunity . . . is advocacy—whether the actions in question are those of an advocate.'"). Hazelhurst's actions related to Taylor's sentence were taken in his traditional role as an advocate for the State. He is therefore immune from suit for those acts.

Taylor's claims also fail because they are untimely. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Taylor alleges that the Defendants unlawfully altered his sentence on September 18, 2018. That means he had until September 18, 2019, to file a complaint about their actions. He signed his complaint on October 15, 2019, nearly one month too late.

For these reasons, Taylor's complaint must be dismissed in its entirety for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES this case in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3), the Court must also consider whether an appeal by Taylor in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit

to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, leave to appeal *in forma pauperis* is DENIED.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Taylor, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                             JAMES D. TODD
                                             UNITED STATES DISTRICT JUDGE